NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID WALTRIP,

             Plaintiff-Appellant,

  v.

ANDREW SAUL, Commissioner of Social
Security,

             Defendant-Appellee.

No.   18-16822

D.C. No. 2:17-cv-001390-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Submitted April 15, 2021[**]
San Francisco, California

Before:  D. NELSON, CLIFTON, and BUMATAY, Circuit Judges.

David Waltrip appeals the district court's affirmance of the Commissioner of

Social Security's denial of his application for disability insurance benefits under

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The court may reverse only if the Administrative Law Judge (ALJ) committed legal error or reached a decision not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The ALJ's decision that Waltrip could perform his past relevant work as a document copier was supported by substantial evidence and a review of the medical record as a whole. The only evidence in the record on which Waltrip relies to argue that he cannot perform his past relevant work is the opinion of examining physician Dr. Winnie Tan. However, the ALJ gave great weight to Dr. Tan's opinion and accounted for her findings and recommendations in the RFC by limiting Waltrip's exposure to heights and hazards.

Waltrip relies on evidence outside the relevant period to support his argument that bilateral knee disease prevents him from performing his past relevant work. To be sure, evidence from outside the relevant period may sometimes be relevant to assess retroactively a prior condition or impairment or reflect how a condition has worsened over time. *See Smith v. Bowen*, 849 F.2d 1222, 1225–26 (9th Cir. 1988). The evidence Waltrip cites, however, does not contradict the evidence from the relevant period, nor does he present any medical opinion that retroactively contradicts the opinion of Dr. Tan. The ALJ conducted a

thorough review of the medical evidence from the relevant period and found no medical opinion or evidence to support the alleged severity of Waltrip's bilateral knee pain. The ALJ relied on evidence in the record which indicated that Waltrip had full range of motion in his knees and no swelling, that doctors had recommended conservative treatment such as diet and exercise changes, and that Waltrip had stopped working due to a business layoff, not his medical condition, and that his condition had not deteriorated since. The ALJ also considered Waltrip's statements about his knee pain to Dr. Tan. However, Dr. Tan's opinion did not assess any limitations due to disabling knee pain.

Moreover, the ALJ properly reviewed the medical evidence and concluded that Waltrip's bladder and kidney issues did not constitute a severe impairment because the medical record indicated that Waltrip's symptoms were "much better" and "almost resolved" following surgical intervention.

Contrary to Waltrip's argument, there was no conflict between the Vocational Expert's testimony and the Dictionary of Occupational Titles job category for document copier, nor is there any evidence in the record from the relevant period supporting Waltrip's claim that he was unable to move accurately or swiftly. Finally, the ALJ did not err by failing to apply Medical-Vocational Grid Rule 201.14. The grids are employed at step five of the sequential evaluation process to assist in determination of whether sufficient jobs exist in the national

3

economy that a claimant may perform. *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The ALJ properly ended his inquiry at step four, so he did not err by failing to apply the grids.

**AFFIRMED.**